**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR LEE, | Case No. SACV 15-0290-VBF (JPR) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE RE SUCCESSIVE PETITION |
| MARTIN BITER, Warden, | |
| Respondent. | |

On February 18, 2015, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his 1996 conviction for murder and related offenses. (Pet. at 2.) In it, Petitioner acknowledges that he previously filed a federal petition challenging the same convictions, which the previously assigned District Judge denied on the merits. (See Pet. at 7 (citing Lee v. La Marque, No. SACV 00-00045-AHS (AIJ) (C.D. Cal. July 5, 2000).) The docket for that case shows that on March 13, 2006, the Ninth Circuit Court of Appeals denied Petitioner's request for leave to file a second or successive petition.

The Antiterrorism and Effective Death Penalty Act of 1996

1

provides, in 28 U.S.C. § 2244(b), as follows:

    (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

    (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

        (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The pending Petition appears to be a second or successive petition within the meaning of § 2244(b) because it challenges

the same judgment of conviction as Petitioner's previous federal habeas petition. Under § 2244(b)(3)(A), Petitioner therefore was required to secure an order from the Ninth Circuit authorizing the filing of the Petition. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). The Ninth Circuit refused to grant him that permission. Petitioner has cited no case that would allow this Court to consider his successive petition in the face of the Ninth Circuit's express refusal to let him file it.

IT THEREFORE IS ORDERED that on or before **March 16, 2015**, Petitioner show cause in writing, if he has any, why this action should not be dismissed because it is an unauthorized second or successive petition. Petitioner is advised that his failure to timely and satisfactorily comply with this Order will likely result in his Petition being dismissed for the reasons stated herein and for failure to prosecute.[1]

DATED: February 23, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[1] It also is not clear whether the particular claim Petitioner raises in the Petition has ever been raised in and considered by the state supreme court, as it must have been before this Court could consider it. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (fully unexhausted habeas petitions must be dismissed). Further, the Petition appears to be untimely on its face. See 28 U.S.C. § 2244(d)(1). If Petitioner attempts to show cause why the Petition should not be dismissed as successive, he should also address exhaustion and timeliness.